IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

98 DEC -1 PM 3: 36

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|                      ) | |
|        Plaintiff,        ) | CIVIL ACTION NO. |
|    v.                    ) | 96-G-1557-S |

UNITED STATES OF AMERICA,           )
                                    )
         Plaintiff,                 )     CIVIL ACTION NO.
    v.                              )      96-G-1557-S
                                    )
FIRST RESERVE CAPITAL CORPORATION, a)
corporation d/b/a DELTA CONTRACTING )
COMPANY; STEWART G. FUZZELL, JR., an)
individual; JACK GIBSON, an individual )
d/b/a J & P LOGGING COMPANY; STEWART G. )
FUZZELL III, an individual d/b/a F & F )
CONTRACTING,                        )
                                    )
         Defendants.                )

ENTERED

DEC - 2 1998

**CONSOLIDATED WITH**

IN RE:                              )     BK 98-70151-CMS-11
     FIRST RESERVE CAPITAL CORPORATION, )
     d/b/a Delta Contracting Company. )
                                    )
FRANKLIN COUNTY, ALABAMA,           )
                    Plaintiff,      )
    v.                              )     AP 98-70037-CMS-11
FIRST RESERVE CAPITAL CORPORATION,  )
d/b/a Delta Contracting,            )
                    Defendant.      )
                                    )
FRANKLIN COUNTY, ALABAMA,           )
                    Plaintiff,      )
    v.                              )     AP 98-70122-CMS-11
STEWART G. FUZZELL, JR.; CLARENCE T.)
HELLUMS, JR., and WILLIAM H. MITCHELL, )
                    Defendants.     )

MEMORANDUM OPINION

Subsequent to the filing of the motion for partial summary judgment against defendant Jack Gibson and First Reserve Capital Corporation d/b/a Delta Contracting Company [hereinafter Delta], plaintiff entered into a settlement agreement with all defendants except defendant Jack Gibson. Therefore, the motion before the court deals with defendant Jack Gibson.

75

In March 1994 Delta entered into a contract with Franklin County, Alabama, at a rate of $79.25 per ton for the removal of storm debris.  Delta subcontracted part of the work to defendant Jack Gibson who was also paid by the weight of debris hauled.  The United States, through its agency Federal Emergency Management Agency [hereinafter FEMA], funded 75 percent of the payments made by Franklin County to Delta for work done on the county roads during the project.

The False Claims Act, 31 U.S.C. §§ 3729-3733, makes it a crime to knowingly make false statements or take actions for the purpose of obtaining payment for the statements or actions. Section 3729(a) assesses a penalty, making the party guilty of the false claims "liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person."

Criminal charges were brought against defendant Jack Gibson for claims made in connection with the cleanup work.  In reaching a plea agreement with the State of Alabama Mr. Gibson entered a sworn statement, a portion of which follows:

> My name is Jack Gibson.  I am the defendant in Franklin County case number CC-97-036.  As part of my plea agreement to the charge of Attempted Theft of Property in the 1st degree I hereby state that I know-ingly and intentionally loaded quantities of ineligible debris consisting of rocks, dirt, undamaged trees and wind row material and sought monies in excess of the statutory requirement stated in 13A-8-3 and 13A-4-2.

2

I did so intentionally to increase the weight and costs of the loads.

The False Claims Act, a portion of which is set forth below, makes a person liable to the Government if the person,

(1) knowingly presents, or causes to be presented ... a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved;

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

31 U.S.C. § 3729.

Mr. Gibson has pled guilty to the criminal charges brought against him in Franklin County.  Although 31 U.S.C. § 3731(d) provides that "a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, ... shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding," the Government was not a party to that suit.  The Eleventh Circuit in *U.S. v. Killough*, 848 F.2d 1523 (11th Cir. 1988),[1] cites with approval *Sell v. United States*, 336 F.2d 467, 474-75 (10th Cir. 1964), which held that the findings in the prosecution of the criminal case for making false statements to the Commodity Credit

---

[1] Government was not estopped from bringing a civil action under the False Claims Act against individuals who had made prior guilty pleas in criminal proceedings.

Corporation "were admissible in the civil case (action by United States against defendant under False Claims Act) ... under the doctrine of res judicata or estoppel by judgment, insofar as such findings determined issues identical to both cases."

Res judicata and estoppel by judgment are well grounded in the historical common law of England and English speaking nations and are applicable in the instant case.  Mr. Gibson's guilty plea and sworn statement in the Franklin County case operate as res judicata and estoppel by judgement in the case at bar.  It would be a travesty on justice to relitigate identical issues.

Mr. Gibson is clearly liable to the Government for his false claims made to the Government.  The Government is due partial summary judgment as a matter of law against defendant Jack Gibson with leave to prove at trial damages and penalties in addition to the statutory penalty of $10,000 imposed by this court on the one claim addressed by the motion.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this _1st_ day of ~~November~~ Dec. 1998.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

4